BLD-056                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3461
_____

IN RE:  RODNEY WELLS,
                                                            Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-mc-00035)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 19, 2015
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Filed: November 25, 2015)
_____

OPINION*
_____

PER CURIAM

        Rodney Wells, a Pennsylvania state prisoner proceeding pro se, has filed a petition

for a writ of mandamus compelling the District Court to adjudicate his petition for a

declaratory judgment and injunctive relief.  For the reasons that follow, we will deny the

mandamus petition.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 1986, Wells was convicted in Pennsylvania state court of third-degree murder and other offenses. He is serving a life sentence for the murder conviction. On January 28, 2015, Wells filed a petition for a declaratory judgment and injunctive relief in District Court. Wells seeks to obtain documents related to his grand jury proceedings. The District Court has yet to rule on Wells' petition. On October 15, 2015, Wells filed mandamus petition in this Court asking us to the direct the District Court to adjudicate the petition.

The writ of mandamus is a drastic remedy that traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotations and citations omitted). A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the issuance of the writ is clear and indisputable. Id. at 141. A writ of mandamus may be appropriate when a district court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). However, mandamus relief will ordinarily be denied "where there are practical avenues for seeking relief that are untried." Patenaude, 210 F.3d at 141.

Wells has not shown that he has no other adequate means to attain his desired relief. He has not filed a motion in District Court asking for a ruling on his petition. Because Wells has yet to try an avenue for seeking relief, issuance of a writ is not warranted.

2

Accordingly, we will deny the petition for a writ of mandamus without prejudice to Wells filing a new mandamus petition if necessary.